104 F.3d 354
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Aniello MIGLIORE, Defendant-Appellant.
 No. 96-1465.
 United States Court of Appeals, Second Circuit.
 Nov. 4, 1996.
 
 Before KEARSE, WALKER and JACOBS, Circuit Judges.
 
 
 1
 A motion having been made herein by appellee to dismiss the appeal or, in the alternative, for summary affirmance, it is ordered that the motion to dismiss be and it hereby is granted. The motion for summary affirmance is denied as moot.
 
 
 2
 Defendant Aniello Migliore, convicted in the United States District Court for the Southern District of New York in 1988 of racketeering following a multi-defendant jury trial, and originally sentenced principally to 24 years' imprisonment and fined $266,000 plus twice his gross racketeering profits, has filed a notice of appeal from a judgment entered in June 1996, Pierre N. Leval, Circuit Judge, sitting by designation, resentencing him principally to nine years' imprisonment and a $266,000 fine. The government has moved to dismiss the appeal on the ground that it is frivolous or is barred by an agreement entered into by Migliore and the government. For the reasons that follow, we grant the motion.
 
 
 3
 Migliore's 1988 conviction and the convictions of four of his codefendants (the "codefendants") were followed by several phases of appellate proceedings, see United States v. Salerno, 937 F.2d 797 (2d Cir.1991), rev'd, 505 U.S. 317 (1992); United States v. Salerno, 974 F.2d 231 (2d Cir.1992), rev'd in part sub nom. United States v. DiNapoli, 8 F.3d 909 (2d Cir.1993) (en banc), which culminated in stipulations by Migliore, the codefendants, and the government to the dismissal of the appeals without prejudice to reinstatement if further agreements were not reached between the government and each of those five defendants to dispose of the case.
 
 
 4
 Thereafter, Migliore and the government entered into a sentencing agreement (the "Agreement") pursuant to which Migliore agreed not to reinstate his appeal, thereby forgoing his right to challenge the jury verdict, and the government agreed to recommend that he be sentenced to 10 years' imprisonment and fined $266,000; the Agreement provided that Migliore was free to urge the district court to impose a shorter term of imprisonment because of his physical condition. The Agreement stated that it was "specifically understood and agreed that neither party will appeal a sentence of ten (10) years' imprisonment and a fine of $266,000." The Agreement also provided that it was to be void if the government failed to secure agreements with the codefendants.
 
 
 5
 The Agreement between Migliore and the government was executed in September 1994. Three of the codefendants had already entered into their sentencing agreements; the remaining codefendant entered into such an agreement on March 24, 1995. On March 31, 1995, Migliore, through counsel, sent the court a pro se letter asking to be relieved of his obligations under the Agreement on the ground that not all of the codefendants had signed such agreements. By that time, however, the government had in fact entered into agreements with all of the codefendants, and hence there was no factual basis for Migliore's request.
 
 
 6
 In November 1995, as permitted by the Agreement, Migliore filed a motion for a reduction of his sentence below the agreed 10-year term because of his physical condition. In May 1996, however, Migliore took the position that he should not be resentenced because he had unilaterally withdrawn from the Agreement in January 1995, i.e., prior to the government's reaching agreement with all of the codefendants. After hearing Migliore's counsel's description of the January 1995 events, the court rejected Migliore's contention and eventually sentenced him as indicated above.
 
 
 7
 To the extent that Migliore seeks on this appeal to challenge his sentence, the appeal is barred by the Agreement because the fine was no greater than that envisioned in the Agreement and the term of imprisonment ordered was shorter than 10 years. To the extent that Migliore seeks to appeal the district court's denial of his application to withdraw from the Agreement, the appeal is so indisputably lacking in merit as to be frivolous. Migliore did not inform the district court that he wished to withdraw from the Agreement until after the government had reached interdependent agreements with Migliore's codefendants. Although Migliore now claims that he unilaterally withdrew from the Agreement in January 1995, i.e., prior to the government's securing agreement with the last codefendant, the record in the district court does not support his claim. First, only an oral withdrawal is claimed. There was no written notice to the government or the court. Second, as described by Migliore's attorney, the attorney's January 1995 statement to the Assistant United States Attorney ("AUSA"), which Migliore now characterizes as an oral withdrawal, was not a withdrawal. At the June 4 hearing, Migliore's attorney informed the district court that he told the AUSA in January 1995 that Migliore had written the attorney letters stating a desire to withdraw from the Agreement, and told the AUSA that the attorney "would be filing Mr. Migliore's letters in a short time if [counsel] was not able to talk Mr. Migliore out of that position." (Hearing Transcript, June 4, 1996, at 4 (emphasis added).) Plainly the parties envisioned that any withdrawal would be in writing, and counsel's oral statement was neither meant to be nor represented to be a withdrawal. The government surely would not have been entitled, had it so desired, to treat counsel's statement as relieving the government of its undertakings to Migliore. And since Migliore's letters were not thereafter filed, and no other written notice of withdrawal was forthcoming, the government was entitled to infer that counsel had indeed talked Migliore out of his inclination to withdraw. Migliore's contention that the January 1995 conversation between his attorney and the government constituted his withdrawal from the Agreement is baseless.
 
 
 8
 The government's motion to dismiss the appeal is granted.